**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

No. 1:05-CR-57
FILED: **11/4/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

United States of America

v.

Dawane A. Mallett

### Report and Recommendation
### of United States Magistrate Judge

Defendant Dewane Arthur Mallett has filed a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) asking the court to reconsider the Judgment in a Criminal Case previously entered in this matter. (Dkt. 91). The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law and a recommended disposition.

In 2006, a jury found defendant guilty of violating Title 18, United States Code, Sections 111 and 1791(a)(2).[1]  He was sentenced to 216 months imprisonment. His appeal was dismissed by the United States Court of Appeals for the Fifth Circuit. <u>United States v. Mallett</u>, 250 Fed.Appx. 614 (5th Cir. 2007). On

---

[1] Defendant was found guilty of assaulting a federal corrections officer engaged in the performance of her duty, a violation of 18 U.S.C. § 111, and possessing a prohibited object, to-wit: a weapon, a violation of 18 U.S.C. § 1791(a)(2).

January 8, 2010, a motion to vacate, set aside or correct sentence filed by defendant pursuant to 28 U.S.C. § 2255 was denied.

Federal Rule of Civil Procedure 60(b) does not provide a basis for relief from a criminal judgment. United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999). Accordingly, Rule 60(b) does not provide the court with a jurisdictional basis to consider defendant's motion. Under other circumstances, the court might construe defendant's filing as a motion to vacate, set aside or correct sentence. However, as a prior motion to vacate was dismissed, defendant may not file a successive motion to vacate without receiving permission from the United States Court of Appeals for the Fifth Circuit. Defendant does not state he has received such permission.

Defendant's motion is an "unauthorized [motion] which [this] court lacks jurisdiction to entertain." United States v. Bermea-Cepeda, 310 Fed.Appx. 690, 691 (5th Cir. 2009) (citing United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994)). As a result, the motion should be denied.

## RECOMMENDATION

Defendant's motion should be denied.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and

legal conclusions accepted by the district court, see Douglas v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this __4__ day of November, 2010.

_____
Earl S. Hines
United States Magistrate Judge